| | | |
|---|---|---|
| EDGAR T. NUMRICH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-1106-KI |
| | ) | |
| vs. | ) | OPINION |
| | ) | |
| ELIZABETH S. HARCHENKO, in her official capacity as Director of the Oregon Department of Revenue; RENEE SIBLEY, LINDA SNOOK, JOHN DOE (aka David 98057), and JANE DOE (aka Laura 98050), in their official capacities as employees of the Oregon Department of Revenue, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Edgar T. Numrich
P. O. Box 1006
Portland, Oregon 97207-1006

    Pro Se Plaintiff

Hardy Myers
Attorney General
Andrew Logerwell
Assistant Attorney General
Department of Justice
1162 Court Street N. E.
Salem, Oregon 97301-4096

    Attorneys for Defendants

KING, Judge:

Plaintiff Edgar Numrich, proceeding *pro se*, brings an action pursuant to 42 U.S.C. § 1983 against the Director of the Oregon Department of Revenue ("Department") and other staff members for alleged violations of his Fourteenth Amendment right to procedural due process. In the court's opinion dated December 23, 2004, the court directed the parties to proceed with jurisdictional discovery, denying defendants' motion to dismiss for lack of subject matter jurisdiction with leave to renew at the close of jurisdictional discovery. Before the court, as I requested, is the plaintiff's memorandum on subject matter jurisdiction (#22).[1] Defendants have not submitted any additional briefing on subject matter jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2003, plaintiff filed an action alleging that the Department had taken various collection and garnishment actions against him arising out of taxes allegedly owed beyond the applicable statute of limitations for such actions. In an order dated January 21, 2003, I granted defendants' motion to dismiss for lack of jurisdiction under the federal Tax Injunction Act.

---

[1]Plaintiff raises other issues in his jurisdictional memorandum, asserting that his section 1983 claim is cognizable and that defendants are not entitled to qualified immunity. Since I did not request additional briefing on these issues, they are not properly before me. Therefore, I do not address these arguments.

When plaintiff filed a motion under Federal Rule of Civil Procedure 60(b) for relief from the order dismissing the case, I reiterated that the court lacked jurisdiction to hear plaintiff's claims, including his civil rights claims. I also stated, "In the event that plaintiff believes he has viable civil rights or other claims after the state tax proceedings have concluded, he has leave to re-file in this court." Numrich v. Harchenko, CV 03-46, February 10, 2003, Opinion and Order at 4.

In August 2004, after the resolution of his case in the Oregon Tax Court ("Tax Court"), plaintiff filed the instant complaint. He brings claims against the Director of the Department and other state officers arising out of efforts to collect state taxes. He alleges that the Tax Court declined to award injunctive relief and found that it could not consider plaintiff's civil rights claims. He seeks relief from this court, claiming he did not receive a sufficient remedy in the Tax Court. Defendants filed a motion to dismiss on several grounds, including that this court lacks subject matter jurisdiction pursuant to the federal Tax Injunction Act. While it is plaintiff's burden to show that this court has jurisdiction, defendants offered less than two pages of argument on the issue, and did not file a reply brief.

Thus, in an Opinion issued December 23, 2004, I requested that the parties conduct limited discovery with respect to jurisdiction, because neither party had presented enough argument or evidence for the court to confirm that it has subject matter jurisdiction. Accordingly, I denied defendants' motion to dismiss for lack of subject matter jurisdiction, with leave to renew the motion at the close of jurisdictional discovery. Defendants have not renewed their motion to dismiss.

## DISCUSSION

This court must ensure that is has subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Federal district courts are courts of limited jurisdiction and Congress may divest them of jurisdiction. The Tax Injunction Act is an example of such divestiture, providing:

> [t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341.

Additionally, even where federal courts are not statutorily constrained from exercising jurisdiction, they may be restricted for policy reasons. Comity is one such principle. Comity is a judicially-created rule that directs the federal courts to carefully exercise their jurisdiction so as to avoid trampling upon state interests. Younger v. Harris, 401 U.S. 37, 44 (1971). The principle of comity is broader than the Tax Injunction Act, and applies in section 1983 cases. Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981) (principle of comity restricts taxpayers from asserting section 1983 actions against the validity of state tax systems in federal courts).

Courts have held that the Tax Injunction Act and the principle of comity restrict suits for declaratory relief holding state tax laws unconstitutional, California v. Grace Brethren Church, 457 U.S. 393, 408 (1982), and suits seeking damages related to the imposition of unconstitutional taxes, McNary, 454 U.S. at 116, unless the plaintiff has no "plain, speedy and efficient remedy" in state courts.

Page 4 - OPINION

Plaintiff insists in his jurisdictional memorandum that this case is not about the assessment and collection of taxes such that the Tax Injunction Act would apply. In the instant action, plaintiff alleges the Department failed to adequately notify him of an income tax deficiency, and of various warrants, writs of execution, and notices of garnishment, causing plaintiff to lose employment opportunities and affecting his credit. He also claims that defendants "brought the judgments, liens and notices of garnishment with no lawful claim." Complaint at 13. He alleges the director of the Department is liable as a supervisor for failing to train, supervise and control Department staff. He seeks nominal and punitive damages, as well as "prospective injunctive relief from the Court barring unlawful tax assessment and collection activity against any taxpayer, or society, as that which befell Plaintiff . . . ." Complaint at 19.

What plaintiff seeks, in short, is this court's interference with Oregon's tax assessment and collection process. As such, this court does not have jurisdiction, <u>Jerron West, Inc. v. State of California, State Bd. of Equalization</u>, 129 F.3d 1334, 1338 (9th Cir. 1997), unless plaintiff does not have a plain, speedy and efficient remedy in state courts.

A state remedy is plain, speedy, and efficient if it provides the taxpayer "with a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax." <u>Rosewell v. LaSalle Nat'l Bank</u>, 450 U.S. 503, 514 (1981) (internal citations omitted). A state remedy is sufficiently "speedy" if the period of time it consumes is comparable to the time taken for similar litigation in the same or similar courts. <u>Id.</u> at 518-19.

Plaintiff asserts that he does not have a plain, speedy and efficient remedy in state courts. As evidence, he submits as an exhibit to his Memorandum of Jurisdictional Discovery the Oregon Tax Court's decision. In the decision, the Tax Court explains that after the taxpayer

Page 5 - OPINION

objected to mailings sent to an incorrect address, the Department "ultimately concluded its notification[s of deficiency and assessment and of related collection actions] had been inadequate." Ex. A at 2, Numrich v. Department of Revenue, TC 4640 (Or. Tax Ct. June 17, 2004). Accordingly, the Department abated the assessments, with interest, and discharged the related liens. Id.

However, the Tax Court determined that two issues remained undecided from plaintiff's complaint: whether the Department "knew or reasonably should have known that its tax collection activity against Plaintiff was unlawful and damaging to him" and whether the Department "knew or reasonably should have known that its tax collection activity against Plaintiff was negligent, defamatory, and intentionally interfered with Plaintiff's economic expectation." Id. at 4. Plaintiff sought a declaratory judgment that the Department violated the "Fourteenth Amendment, Sections 1 and 5, of the Constitution" and a judgment that the Department's conduct constituted "negligence, defamation and intentional interference with economic expectation." Id. at 3.

According to the Tax Court, its jurisdiction is limited to claims arising under the tax laws, such as those that have "some bearing on tax liability." Id. at 4, quoting Sanok v. Grimes, 294 Or. 684, 701, 662 P.2d 693 (1983). The Tax Court determined that plaintiff's remaining claims did not have any effect on his tax liability, given the Department's concessions and abatements, described above. "The department's knowledge could, in theory, have an effect on a liability for fees or for tort type damages but not on the amount of tax due." Id. at 4. Furthermore, the Tax Court concluded, it could not award the relief sought by plaintiff.

> Taxpayer first requests declaratory relief to the effect that the Department is in violation of the law. . . . [D]eclaratory relief as to a matter that is a predicate to tax liability might be within the jurisdiction of this court, but no liability remains in this matter. Taxpayer's requested relief relating to refunding and cancellation of warrants has been, or by supplemental proceedings may be, achieved. Taxpayer's request for a declaration that the department's actions are tortious are clearly outside the court's jurisdiction. Taxpayer's final request is for relief in a form to insure that the department complies with the law. This request is both vague and unnecessary. The legislature has charged the department with the duty to follow the law. If it does not do so, citizens have remedies in court when the department does not concede. However, the department's concessions here have provided taxpayer with all of the remedies available from this court and his complaint should be dismissed.

Id. at 4-5.

The phrase "plain, speedy and efficient" has never been interpreted to mean the remedy must be obtainable in a single court. In other words, a state remedy is sufficient even if it requires multiple litigation. Bland v. McHann, 463 F.2d 21 (5th Cir. 1972) (statute provides for hearing of objections of taxpayers, and separate statute permits taxpayer to enjoin collection of taxes levied without authority of law); Comenout, 722 F.2d at 577 (9th Cir. 1983) (injunction in state court, challenge seizure of cigarettes or liquor in state forfeiture proceedings, bring section 1983 claims in state court); Lawyer v. Hilton Head Public Service Dist. No. 1, 220 F.3d 298, 305 n.7 (4th Cir. 2000) (administrative remedies with agency and declaratory judgment in state court available). Although the Tax Court may have determined it no longer had jurisdiction to render declaratory relief, taxpayers who challenge state taxes on constitutional grounds may seek declaratory relief in state court. In addition, section 1983 claims may be brought in state court. In other words, there is available to plaintiff a plain, speedy and efficient remedy in the state courts.

Contrary to plaintiff's assertions, the narrow holding in Patel v. City of San Bernardino, 310 F.3d 1138 (9th Cir. 2002) does not apply here. As I explained in my December 23, 2004 opinion, the Ninth Circuit in Patel found that it had jurisdiction because the City-tax collector failed to abide by an earlier state court decision declaring the tax invalid. The Patel court held the plaintiffs may pursue remedies in federal court under section 1983 for damages that accrued after the state court overturned the tax. In contrast, the Tax Court's opinion here did not address whether the assessment and collection process was unconstitutional because the Tax Court did not have jurisdiction once the Department conceded the deficiency and abated the liens. As a result, this court would have to delve into the state's administration of its tax statutes and determine whether plaintiff's constitutional rights were violated.

Similarly, plaintiff's attempt to fit his case within the concurring opinion in Comenout v. State of Washington, 722 F.2d 574 (9th Cir. 1983) is unavailing. The court held that the Tax Injunction Act deprived it of jurisdiction, but the concurring opinion clarified that "our holding should not be read to suggest that as a general rule the Tax Injunction Act precludes suits for damages for assaults or similar torts committed by state or local officers in the course of enforcing state tax laws." Id. at 578 (Reinhardt, J., concurring). Plaintiff's allegations do not rise to the level of tortious behavior contemplated by this statement such that federal involvement may be necessary. Plaintiff has alleged only that "defendants' conduct was negligent, defamatory with reckless disregard for the truth; interfered with Plaintiff's economic expectations; and thereby was damaging to Plaintiff." Complaint at 2.

Although in my Opinion and Order of February 10, 2003, I stated that plaintiff could re-file in this court after the state tax proceedings concluded, I did so believing that the Tax Court

would have an opportunity to hear plaintiff's constitutional claims. Since a state court has yet to hear the merits of plaintiff's constitutional challenge to the state's tax laws, I dismiss this case without prejudice for lack of subject matter jurisdiction under the federal Tax Injunction Act and related principle of comity.

## CONCLUSION

Under Federal Rule of Civil Procedure 12(h)(3), this case is dismissed without prejudice for lack of subject matter jurisdiction.

Dated this ____8th____ day of April, 2005.

        /s/ Garr M. King
        Garr M. King
        United States District Judge